*E-FILED - 11/9/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiffs,<br><br>v.<br><br>GARY JAMES ROLLER,<br><br>  Defendant. | Case No. CR-08-00361-RMW<br><br>ORDER ON PENDING MOTIONS BY DEFENDANT<br><br>[Docket Nos. 38, 39, 40 and 52) |

Pending before the court are four motions by defendant Gary James Roller: (1) for a Bill of Particulars; (2) to Strike One Count of the Indictment as Multiplicitous; (3) to Suppress Evidence Seized Pursuant to a Search Warrant Including Supplement Thereto; and (4) a Supplemental Motion to Suppress on Grounds of Lack of Jurisdiction. The court has reviewed the papers filed and heard the arguments of counsel. The court hereby: (1) denies the Motion for a Bill of Particulars with the understanding that the government will update the list of images it intends to offer in its case in chief, if necessary; (2) denies to the Motion to Strike One Count as Multiplicitous; (3) denies the Motion to Suppress Evidence Seized; and (4) denies the Motion to Suppress Based Upon Lack of Jurisdiction.

**I. Motion for Bill of Particulars**

Defendant Roller moves for a bill of particulars under Rule 7 of the Fed. R. Crim. P. He requests that the government be ordered to "specifically identify the 'visual depictions' it intends to offer into evidence to prove Count 1 and the specific 'certain matter' referred to in Count 2." This identification, Roller contends, "is essential to remove any ambiguity with regard to the exact nature and extent of the *images* the government contends fall within the ambit of 'child pornography.'"

The government responds by stating that a bill of particulars is unnecessary if the indictment is otherwise adequate and the defendant has been provided with full discovery. *See United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1985) (purpose of bill of particulars served if indictment and discovery provide sufficient details of charges); *see also United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) ("Full disclosure will obviate the need for a bill of particulars."). In this case there appears to have been full discovery and the indictment sets forth the particular dates on which the offenses allegedly occurred. Finally, in its opposition the government states:

> However, out of an abundance of caution, if this case were to proceed to trial, the following list of images represent some of the images that the government anticipates that it would present to the jury on the receipt charge: (1) 4[1].jpg (appears 4 times); (2) tn4[1]1.jpg (appears 6 times); (3) tn6[1]2.jpg; (4) tn7[1]1.jpg (appears 5 times); (5)11[1]1.jpg (appears 5 times); (6) tn13[1]1.jpg (appears 5 times); (7) tn8[1].jpg (appears 5 times); and (8) tn[9]1.jpg (appears 4 times).
>
> Similarly, out of an abundance of caution, if this case were to proceed to trial, the following list of images represent some of the images that the government anticipates that it would present to the jury on the possession charge: (1) 2.jpg; (2) 13.jpg; (3) 15a.jpg; (4) 24.jpg; (5) A24.jpg; (6) bc000-085.jpg; (7) bc000-130.jpg; (8) d2.jpg; (9) d7.jpg; and (10) s17.jpg. The government also anticipates that it would present the following two films: (1) arina-s1-8.mpg; and (2) lsm08-3-02.mpg.

Govt.'s Opp. at 3:19-4:2.

The court finds that a bill of particulars is not required in light of the discovery and information provided to defendant. The government is expected, however, to advise defendant Roller if it intends to add to the list of images to be offered in its case-in-chief.

At oral argument on the motion, defendant indicated satisfaction with the court's initial proposed ruling which is the same ruling as is now made. The motion for a bill of particulars is,

1  therefore, denied on the condition indicated.

## II. Motion to Strike One Count as Multiplicitous

Defendant moves the court to find that the Superseding Indictment is Multiplicitous and order the government to elect on which count it intends to proceed.  The two-count superseding indictment, in essential part, charges in Count 1 that on or about November 17, 2007, defendant "receive[d], by means of computer, certain visual depictions [of child pornography]. . . ."  Count 2 alleges that (several weeks later) on or about December 5, 2007, defendant "possesse[d] certain matter, to wit, images [of child pornography]. . . ."  Defendant argues that the indictment subjects him to being convicted twice for the same offense.

The government responds that the receipt of child pornography count concerns the images of child pornography found on defendant's computer and that the possession of child pornography count involves the images and film of child pornography found on the zip disks in defendant's possession.  The Ninth Circuit has held that: "[W]here a defendant has stored sexually explicit images in separate mediums, the government may constitutionally charge that defendant with separate counts for each type of material or media possessed." *United States v. Schales*, 546 F.3d 965, 979 (9th Cir. 2008).  Here, however, although the government claims in opposition to the motion that separate conduct is involved in the counts, that separate conduct is not distinctly charged.  *See id.* at 980.  Nevertheless, even if the underlying conduct is the same, the government can charge both offenses with possession being a lesser included offense of receipt.  It, however, can only seek to enter judgment on one.  "Thus, while the government can indict a defendant for both receipt and possession of sexually explicit material, entering judgment against him is multiplicitous and a double jeopardy violation when it is based on the same conduct." *Id.* at 978.  Here, although the counts may be multiplicitous, the remedy is to enter only one judgment if defendant is convicted of both offenses.

At oral argument on the motion, defendant agreed that the two counts could be lawfully charged, but, upon conviction, judgment can only be entered on one of the counts.

The motion to strike is denied without prejudice to being renewed if defendant is convicted of both counts.

### III.  Motion to Suppress Evidence Seized in Search

Defendant Roller asserts that the affidavit for the warrant lacks the required probable cause. He argues: (1) the information in the affidavit was "stale" as that term is used in Fourth Amendment analysis; (2) conclusory assertions by the Immigration and Customs Enforcement ("ICE") agents should be stricken; (3) the affidavit, in its totality, lacks probable cause*;* (4) the warrant is overbroad in contravention of the Fourth Amendment; and (5) no "good faith" exception applies.  Defendant also seeks a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), on the basis that material information was deliberately omitted from the affidavit to mislead the magistrate issuing the warrant.

#### A.  The Information in the Warrant Was Not Stale

Defendant claims two staleness problems.  First, he alleges that the allegations concerning events from June 2002 until August 2003 all occurred more than four years before the warrant was sought.  Second, more than eight months elapsed between the last alleged purchase (March 13) and the date of the warrant (November 27).  Neither assertion has merit.  The affidavit establishes that defendant had a pattern of purchasing access to child pornography websites that appeared to span several years from June 2002 through August 2003 and September 2006 through March 2007. (Strickland Aff., ¶¶ 25-26, 38-40).  The affidavit also establishes that "individuals who have a sexual interest in . . . images of children" may collect, maintain, store and retain their child pornography for many years in a "secure location," such as their residences. (Strickland Aff., ¶ 48(b),(c),(d) & (f)). The totality of these facts clearly establish that the magistrate judge did not commit error in finding that there was probable cause to believe that child pornography would be found in defendant's residence eight months after his last reported purchase of access to a child pornography website.

#### B.  The Search Warrant Affidavit Supports Probable Cause and Does Not Contain Unduly Conclusory Statements

**1. Known Child Pornography Websites**

Defendant argues that the warrant affidavit did not show probable cause and focuses on the term "known child pornography websites." Defendant submits that the affidavit was not based upon a sufficiently detailed, factual description. The Supreme Court has set out the standard to be used in review of a magistrate's issuance of a warrant.

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for...conclud[ing]" that probable cause existed.

*Illinois v. Gates*, 462 U.S. 213, 238-39 (1983), quoting *Jones v. United States*, 362 U.S. 257, 271 327 (1960).

Defendant contends that the characterization of the websites as "known" child pornography websites was impermissibly conclusory. Specifically, he argues that the affidavit lacked a sufficient factual basis for the magistrate judge to conclude that the member restricted Home Collection 1001 website to which defendant purchased access was a "known" child pornography website. In addition, defendant complains that the affidavit only refers to "agents" as a source of information and not specific individuals.

Defendant argues that ICE agents viewed 9,076 images on the Home Collection 1001 website and only found and described three images of child pornography. He submits that three images out of a possible 9,076 does not provide a sufficient factual basis to conclude that this website was a child pornography website.

Defendant's contentions lack merit. There is a sufficient factual basis in the affidavit establishing that the Home Collection 1001 website contains child pornography. Agent Strickland clearly states that the affidavit is based on his training and experience and "information provided to [him] by other ICE agents, other law enforcement officers and witnesses as part of this investigation." (Strickland Aff., ¶ 2). Based upon this information, Agent Strickland notes that the

agents from the Bureau of Immigration and Customs Enforcement's Cyber Crimes Center, Child Exploitation Section, initiated an investigation into several child pornography websites. (Strickland Aff., ¶¶ 28-29). The affidavit further discusses the details and result of that investigation, explaining how the ICE agents engaged in over sixty undercover transactions and how (as a result of these transactions) they were able to identify multiple child pornography websites, including the one that defendant purchased access to on September 30, 2006. (*Id.* at ¶¶ 33-38). As pointed out by the Supreme Court:

> While a warrant may issue only upon a finding of "probable cause," this Court has long held that the term "probable cause" means less than evidence which would justify condemnation, and that a finding of "probable cause" may rest upon evidence which is not legally competent in a criminal trial. There is a large difference between the two things to be proved (guilt and probable cause), as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them. Thus hearsay may be the basis for issuance of the warrant so long as there is a substantial basis for crediting the hearsay. And, . . . we recognized that an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, so long as the magistrate is informed of some of the underlying circumstances supporting the affiant's conclusions and his belief that any informant involved whose identity need not be disclosed was credible or his information reliable.

*United States v. Ventresca*, 380 U.S. 102, 107-8 (1965) (internal citations and quotation marks omitted).

The affidavit has a sufficient factual basis to assert that the Home Collection 1001 website to which defendant purchased access on September 30, 2006 was a child pornography website. Contrary to defendant's characterization, the affidavit does not state that only three of the 9,076 on the website were images of child pornography. Instead, the affidavit clearly states that the three described images are simply "a sample of the content of the member-restricted website." (Strickland Aff., ¶ 37). There is no requirement that the government describe all or even an arbitrary percentage of the images on the website. The three described images simply illustrate the types of images that are present on the website, establishing that the website contains contraband. In addition to the three described images, the affidavit clearly states that "[s]everal of the images [on the website] depicted lascivious displays of the female minors' genitalia" and that the "female minors

were displayed in sexually suggestive manners. " *Id.* Some of the titles of the subject identifiers by their titles alone suggest child pornography (e.g. "Underage Home," "Spycam Lolitas," "Kidz Index"). *Id.* at ¶ 36.

### 2. PayPal Records

Defendant filed a Supplement to Motion to Suppress Evidence Seized Pursuant to a Warrant which claims that PayPal's records of purchases of child pornography to a credit card ending in the numbers "3306" cannot be attributed to defendant's PayPal account. Defendant's argument, as the court understands it, is that there are so many credit cards ending in "3306" that it is unreasonable for PayPal to have attributed such sales to defendant's PayPal account and that it was reckless for the search warrant affiant to claim that the PayPal account records showed purchases by defendant. Therefore, defendant claims that the PayPal records should not be considered in determining whether the affidavit showed probable cause.

Defendant's contention overlooks other facts pertaining to the records PayPal produced connecting defendant to suspected purchases of child pornography. Paypal did not produce just a single document to ICE. PayPal produced a summary sheet for defendant's PayPal account as well as related pages detailing each of defendant's individual transactions with the Home Collection websites. PayPal, and not ICE, identified and grouped the transactions attributable to defendant's account. PayPal had more than just the last four numbers of defendant's credit card, presumably including the complete credit card number. The summary sheet and individual transaction sheets track with one another. When viewed in their entirety, the PayPal records clearly suggest that all of the Home Collection transactions, including the September 30, 2006 purchase, were made using defendant's account. The September 30, 2006 PayPal transaction sheet lists a fictitious address of 11223 4th Street, Castroville, California. This same address is listed under the name "gary roller" in one of the summary sheets for defendant's account. Similarly, the September 30, 2006 transaction sheet lists the credit card number for the purchaser as xxxx-xxxx-xxxx-3306. The only active credit card listed in the summary sheet for defendants account ends in 3306. Therefore, there can little

doubt that defendant's PayPal account and credit card were used to purchase access to the Home Collection websites on September 30, 2006.

### C. The Search Warrant Was Not Overly Broad

Defendant argues that the search warrant did not describe with particularity the items to be searched for and seized and focuses on the lack of limitation on the search of computer equipment. However, since the scope of what was the subject of the search was limited to materials constituting evidence of offenses related to child pornography, the warrant was not overbroad. *See United States v. Hay*, 231 F.3d 630 (9th Cir.2000) (upheld warrant that allowed the government to search and seize entire computer system and virtually every document in defendant's possession where preface to warrant limited scope to materials which constitute evidence of the sexual exploitation of minors).

Defendant's reliance on *United States v. Kow*, 58 F.3d 423 (9th Cir. 1995), *Center Art Galleries-Hawaii v. United States*, 875 F.2d 747 (9th Cir. 1989), and *United States v. Stubbs*, 873 F.2d 210, 212 (9th Cir. 1989), to support his overbreadth argument is misplaced. In those three cases, the search warrants lacked any standard by which an executing officer could determine what to seize and authorized the seizure of all business records. *See Kow*, 58 F.3d at 425-27; *Center Art*, 875 F.2d at 750; *Stubbs*, 873 F.2d at 211-12. In contrast, here, as in *Hay*, the search warrant authorized and directed the agents to search for and seize child pornography. *See Hay*, 231 F.3d at 638 ("By contrast, in this case, the application did not ask for . . . seizure of every document, but of child pornography which is sufficiently specific definition to focus the search.").

### D. Motion to Suppress Evidence Seized in Search for Lack of Jurisdiction
### Suppress Evidence Seized in Search

Defendant seeks in a supplemental motion an order suppressing evidence seized from his home pursuant to the warrant on the grounds that this court lacked jurisdiction to issue the warrant. Defendant contends that although affiant Agent Strickland in his search warrant affidavit refers to material on defendant's computer, he fails to provide anywhere in his affidavit any evidence

indicating the use of "interstate commerce." He claims this is a "fatal flaw" citing *United States v. Schaefer,* 501 F.3d 1197 (10th Cir. 2007), which reversed a conviction based upon the statute with which defendant Roller is charged for failure to show the required nexus with interstate commerce. "We do not read § 2252(a) as contemplating that the mere connection to the Internet would provide the interstate movement required by the statute." *Id.* at 1201.

Although the Ninth Circuit has not expressly addressed the issue, other circuits have rejected the conclusion *Schaefer* reached. The First, Third and Fifth Circuits have all held that, because the Internet is undeniably an instrumentality of interstate commerce, an image of child pornography that has been transmitted over the Internet satisfies the interstate commerce element of the child pornography laws. *See United States v. Lewis*, 554 F.3d 208, 215 (1st Cir.) (holding that proof that an image was transmitted over the Internet constitutes proof that the image traveled through interstate commerce under 18 U.S.C. § 2252(a)(2)); *United States v. MacEwan*, 445 F.3d 237, 244 (3d Cir.2006) (holding that "[regardless of the route taken, however, we conclude that because of the very interstate nature of the Internet, once a user submits a connection request to a website server or an image is transmitted from the website server back to user, the data has traveled in interstate commerce [under 18 U.S.C. § 2252A(a)(2)(B)]"; *United States v. Runyan*, 290 F.3d 223, 239 (5th Cir. 2002) (holding that "the transmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce" [under 18 U.S.C. § 2252A]) (citation omitted). The reasoning of First, Third and Fifth Circuits is more persuasive and will likely be followed by the Ninth Circuit.

In addition the search warrant affidavit refers to payment by PayPal and contact with websites clearly indicating use of interstate commerce.

Finally, *Schaefer* involved the reversal of a conviction after trial where the interstate nexus had to be proved beyond a reasonable doubt. Here, the question is whether probable cause existed for the issuance of the warrant. Clearly, the affidavit shows probable cause to believe defendant's conduct involved the necessary nexus with interstate commerce. The supplemental motion to

suppress based upon lack of jurisdiction is denied.

### E. A *Franks* Hearing Is Not Necessary

#### 1. Statements Regarding and Presentation of PayPal Records

Defendant contends that a hearing must be held pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), because he has made "a substantial preliminary showing" that the search warrant affidavit contained material false statements that were intentionally made or made with a reckless disregard of the truth. *Id.* at 155-6. Defendant's argument is predicated on what he claims were misstatements with regard to the meaning of the PayPal records. First, as discussed above, the court does not find the statements made with respect to the PayPal records, or the records themselves, to be false or misleading. Second, even if they were, the evidence does not suggest that Agent Strickland knew that they were false or that he made them with reckless disregard of the truth. It should also be noted that PayPal was the party who connected the records to Roller. Since defendant has failed to show that Agent Strickland made a false statement with respect to the PayPal records, let alone an intentionally or recklessly made false statement, defendant is not entitled to a *Franks* hearing.

#### 2. Omission of Information Regarding the Prior Investigation and Contact by ICE Agents with Defendant

Defendant asserts that Agent Strickland deliberately omitted material information from the search warrant affidavit by failing to include information concerning ICE's 2004 investigation of alleged child pornography violations by defendant. During the course of that investigation defendant was cooperative and questioned concerning his use of computers, child pornography and his credit card history. He allowed ICE to take some video tapes he described as containing "soft porn" for inspection and insisted that the agents review his personal computer which contained solicitations for child pornography to which Roller had responded by requesting that his name be removed from the solicitors' mailing lists. The case was closed and Agent Wright, the Agent in Charge in San Jose, maintained no evidence from the investigation and considered the case closed.

The government explains Agent Strickland's omission of this information by contending that

it was not meaningful. After ICE agents in New Jersey had concluded that defendant had purchased access to several child pornography websites, ICE agents conducted surveillance of defendant in Castroville, California in 2004. After defendant became aware of this surveillance, he confronted the ICE agents, who informed defendant that he was under investigation for suspected possession of child pornography. A month and a half later, the ICE agents visited defendant at his residence to question him. There were three computers in his residence but defendant explained that one was his personal computer. Defendant insisted that the ICE agents review the contents stored on that computer. The ICE agents, according to Agent Wright, did not conduct any type of meaningful search or analysis of defendant's computer. Defendant also showed the ICE agents over 300 spam emails that he had saved from vendors soliciting subscriptions to child pornography websites and to which he had replied asking to be taken off their mailing lists. The government argues that at this time, defendant, who was aware that he had been under investigation for possession of child pornography for approximately a month and a half, showed the ICE agents only the evidence that he wanted them to see. The government submits that ICE did not close its investigation because defendant was cleared of any wrongdoing but because it did not have sufficient evidence to pursue a criminal investigation at that time.

Agent Strickland knew of this investigation and deliberately failed to include information about it in his search warrant affidavit. The government contends that the investigation revealed nothing of significance and, therefore, did not need to be disclosed to the magistrate judge. However, as pointed out in *United States v. Stanert*, "[t]he use of deliberately falsified information is not the only way by which police officers can mislead a magistrate when making a probable cause determination. By reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw. To allow a magistrate to be misled in such a manner could denude the probable cause requirement of all real meaning." 762 F. 2d 775, 781 (9th Cir. 1985). The omission is particularly disturbing here where Agent Strickland related events in his affidavit that caused the 2004 investigation to be undertaken.

Nevertheless, in order for a *Franks* hearing to be required, the defendant must show that the omitted information when added would negate probable cause. *See id.* at 782. In *Stanert*, the court specifically addressed this requirement.

> Standing alone, Stanert's substantial preliminary showing that the affidavit contained reckless or deliberate falsities and omissions is insufficient to warrant a *Franks* hearing. A defendant challenging an affidavit must also show that the affidavit purged of those falsities and supplemented by the omissions would not be sufficient to support a finding of probable cause. In addition, the defendant must show that the "affidavit, once corrected and supplemented," would not "provide ... a substantial basis for concluding that probable cause existed" to search defendant's residence.

*Id.*; *see United States v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007).

In the present case if the information about the 2004 investigation had been added, the affidavit would still have provided a "substantial basis for concluding that probable cause existed." Agent Strickland's affidavit establishes that from June 2002 to August 2003, the ICE New Jersey offices obtained information from "regpay," a third party billing company that facilitated the purchase of access to child pornography websites. The information obtained from "regpay" showed that defendant purchased access to several known child pornography sites including "Fallen Girls," "Preteen models," "Lolitas Online," "Young Strawberry," "Lolitas Castle" and "Photo Lolita." If the information about the subsequent investigation by the San Jose agents had been included, the magistrate judge would have learned that no involvement by Roller with child pornography was uncovered in 2004 following the receipt of the information from New Jersey. If the search warrant affidavit had contained nothing further, the omission of the 2004 investigation would have suggested to the magistrate either that Roller's involvement with child pornography had ceased or at least that the government had no current evidence suggesting possession. Probable cause would have been lacking. However, the affidavit did include evidence of continued involvement with child pornography. This showing of post-2004 involvement would most likely have suggested to the magistrate judge that defendant had avoided detection in 2004 by his self-serving presentation to ICE. In any event, it would not have negated a finding of probable cause based upon the 2006-2007

events.

Agent Strickland's affidavit does establish that defendant (or, at the very least, an individual using a PayPal account that traced back to defendant's residence) purchased access to six (6) child pornography websites from November 2006 to March 2007. (Strickland Aff. ¶¶ 38-42). Moreover, the affidavit also establishes that email addresses for purchases of access to some of these child pornography websites traced back to defendant's residence. *Id*. Therefore, even if the omitted information about the 2004 investigation is included, Agent Strickland's affidavit still establishes probable cause. Therefore, defendant's request for a *Franks* hearing is denied.

## IV.  ORDERS

For the reasons stated, the court hereby:

(1) denies the Motion for a Bill of Particulars with the understanding that the government will update the list of images it intends to offer in its case in chief, if necessary;

(2) denies to the Motion to Strike One Count as Multiplicitous;

(3) denies the Motion to Suppress Evidence Seized including defendant's request for a *Franks* hearing; and

(4) denies the Motion to Suppress Based Upon Lack of Jurisdiction.

DATED: 11/06/09

*Ronald M Whyte*
_____
RONALD M. WHYTE
United States District Judge