E-FILED on  6/15/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>GARY JAMES ROLLER,<br><br>          Defendant. | No. CR 08-00361 RMW<br><br>ORDER DENYING MOTIONS<br><br>**[Re Docket Nos. 116, 117, 118, 119, 120, 121]** |

Defendant Gary James Roller (1) moves the court to reconsider whether evidence seized from Roller's home pursuant to a warrant should be suppressed on the grounds that the court lacked jurisdiction to issue the warrant; (2) moves for an order requiring the government to provide a Bill of Particulars; (3) moves to dismiss on the grounds of a procedural defect; (4) moves to dismiss count one of the second superseding indictment on the grounds of vindictive prosecution; (5) requests in camera review of the grand jury proceedings; and (6) moves to strike surplusage from the second superseding indictment.  The court announced its ruling at the hearing on the motions on June 13, 2011.

**ANALYSIS**

**A.     Motion to Reconsider Suppressing Evidence**

1    On November 9, 2009, this court denied defendant's supplemental motion to suppress evidence seized from his home pursuant to the warrant, in which defendant argued that this court lacked jurisdiction to issue the warrant. In doing so, this court rejected the reasoning of *United States v. Shaefer*, 501 F.3d 1197 (10th Cir. 2007), which reversed a conviction based upon the statute with which Roller is charged for failure to show the required nexus with interstate commerce. Defendant now files a motion requesting the court to reconsider its order in light of the Ninth Circuit's decision in *United States v. Wright*, 625 F.3d 583 (9th Cir. 2010), which held that "criminal statutes punishing the transmission of the relevant material 'in interstate or foreign commerce' require the material itself to cross state lines." *Id.* at 594. Like *Shaefer*, *Wright* involved the reversal of a conviction after trial where the interstate nexus had to be proved beyond a reasonable doubt; in *Wright*, the parties agreed that the images in question never traveled outside Arizona, because they were transmitted through a direct client-to-client network communication, and the actual traffic of sending the file did not cross state lines. *Id.* at 589.

In its previous order, the court relied on *United States v. Lewis*, 554 F.3d 208, 215 (1st Cir. (2009) and *United States v. MacEwan*, 445 F.3d 237, 244 (3d. Cir. 2006), which held that the use of the Internet standing alone satisfies section 2252A(a)(1)'s jurisdictional requirement. The Ninth Circuit has since held "a defendant's mere connection to the Internet does not satisfy the jurisdictional requirement where there is undisputed evidence that the files in question never crossed state lines." *Wright* at 595. However, the court explained:

> What distinguishes this case from those cases holding that Internet use, standing alone, provides the sufficient jurisdictional nexus, is that in each of those cases it was impossible to determine whether the images in question actually crossed state lines. . . . In the face of that uncertainty, those courts held that proof of Internet use was sufficient, reasoning that because it was just as likely that the use of the Internet either remained entirely intrastate or involved multiple states, 'the very interstate nature of the Internet' favored finding that the images traveled in interstate commerce. *MacEwan*, 445 F.3d at 244; *Lewis*, 554 F.3d at 215. Thus, both *MacEwan* and *Lewis* stand for the proposition that, where it is impossible to determine whether the receipt of child pornography images crossed state lines, a defendant's use of the Internet may serve as a proxy for satisfying the interstate commerce requirement.

*Wright* does not reject that proposition.

For the foregoing reasons, *Wright* does not support reconsideration of the court's previous order. The issue in this case is whether the facts alleged in the search warrant affidavit provided

1  probable cause to believe the images were transmitted across state lines.  In *Wright*, the government
2  conceded that the child pornography images did not cross state lines.  Here, the affidavit explained
3  the interstate nature of the Internet and detailed defendant's purchase of access to child pornography
4  websites on six separate occasions between 2006 and 2007.  See Affidavit of Special Agent Lou
5  Strickland in Support of Search Warrant, ¶¶ 20, 38-40.  The affidavit showed probable cause to
6  believe the material itself crossed state lines, and that the use of the Internet could serve as a proxy
7  for satisfying the interstate commerce requirement.  The motion for reconsideration is denied.

**B.     Motion for a Bill of Particulars**

Defendant filed a motion requesting that the court order the government to provide a Bill of Particulars disclosing evidence in support of the allegation that defendant reproduced child pornography "for distribution" and informing the defendant of the time he allegedly committed the offense more specifically than "beginning on an unknown date," as currently alleged.

The government concedes that defendant is not alleged to have reproduced child pornography for distribution, and the indictment included the "for distribution" language in order to track the wording of the statute.  The government agrees to strike the phrase "for distribution" from the second superseding indictment.  The government also agrees to strike the phrase "beginning on an unknown date and continuing to" in the second count of the second superseding indictment.

In light of the government's agreement to strike the phrases "for distribution" and "beginning on an unknown date" from the second superseding indictment, defendant's motion for an order requiring the government to provide a Bill of Particulars is denied as moot.

**C.     Motion to Dismiss on Grounds of Procedural Defect**

Federal Rule of Criminal Procedure 6(f) requires that the grand jury return the indictment to a magistrate judge "in open court."  Roller argues that the second superseding indictment is void because the cover sheet indicates that a true bill was filed "in open court" on January 19, 2011, but the signature page indicates that the second superseding indictment was signed by the foreperson on February 9, 2011.  The government indicates that the discrepancy is due to a typographical error. The government originally intended to seek the second superseding indictment on January 19, 2011, but did not seek it until February 9, 2011, and the date on the cover page inadvertently included the

1 earlier, wrong date. In fact, the indictment was returned to the magistrate judge "in open court" on
2 February 9, 2011.

3 The minor typographical error did not prejudice or harm the defendant, did not influence the
4 grand jury, and does not warrant dismissal. *See Bank of Nova Scotia v. United States*, 487 U.S. 250,
5 256 (1988) ("dismissal of the indictment is appropriate only if it is established that the [grand jury]
6 violation substantially influenced the grand jury's decision to indict, or is there is 'grave doubt' that
7 the decision to indict was free from the substantial influence of such violations"). Defendant's
8 motion is denied.

### D.    Motion to Dismiss for Vindictive Prosecution

10 Defendant moves to dismiss count one of the second superseding indictment on the grounds
11 that the government improperly added the more serious violation of subsection (a)(2) of 18 U.S.C. §
12 2252, alleging that Roller "receiv[ed]" visual depictions of minors engaging in sexually explicit
13 conduct, to the original, less serious charge the Roller "possess[ed]" such images because defendant
14 filed a motion to suppress evidence obtained as a result of a search of his residence.

15 Prosecutors have considerable discretion in threatening and adding enhanced charges in the
16 context of pretrial plea negotiations. *See United States v. Goodwin*, 475 U.S. 368, 373 (1982);
17 *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978); *United States v. Kent*, 633 F.3d 920, 926-27 (9th
18 Cir. 2011). In this case, the parties engaged in extensive pretrial negotiations. Government counsel
19 informed defense counsel in May 2008 that if defendant elected to plead guilty to one count of
20 possession of child pornography, the government would not file the receipt of child pornography
21 charges, but that if defendant elected not to plead guilty to the possession charges, the government
22 would supersede to add the more serious receipt charges. Negotiations continued for nine months,
23 including two settlement conferences before a magistrate judge. On February 2, 2009, defense
24 counsel informed the court and the government that defendant would not plead guilty and would file
25 a motion to suppress. Government counsel indicated that the government would supersede to add
26 receipt of child pornography charges. On February 5, 2009, the federal grand jury returned a two
27 count superseding indictment, charging defendant with receipt of child pornography. On March 30,
28 2009, defendant filed multiple pretrial motions, including a motion to suppress.

ORDER DENYING MOTIONS—No. CR 08-00361 RMW
MEC                                    4

1   A prosecutor violates due process when he seeks additional charges solely to punish a
2 defendant for exercising a constitutional or statutory right. *See Bordenkircher*, 434 U.S. at 363.
3 "Vindictiveness claims are, however, evaluated differently when the additional charges are added
4 during pretrial proceedings, particularly when plea negotiations are ongoing, than when they are
5 added during or after trial." *United States v. Gamez-Ordaeo*, 235 F.3d 453, 462 (9th Cir. 2000). In
6 such cases, vindictiveness "will not be presumed simply from the fact that a more severe charge
7 followed on, or even resulted from, the defendant's exercise of a right." *Id.* Defendant has
8 introduced no direct evidence of actual vindictiveness. In this case, the prosecutor threatened the
9 more severe charge and followed through on the threat when the plea negotiations proved
10 unsuccessful. The motion to dismiss count one for vindictive prosecution is denied.

11  **E.     Motion Requesting In Camera Review of Grand Jury Proceedings**

12   In February 2009, the government filed a superseding indictment charging defendant with
13 "possess[ing]" and "receiv[ing]" images of minors engaged in sexually explicit conduct. In February
14 2011, the federal grand jury returned the second superseding indictment against defendant with the
15 same charges. In January and February 2011, the government produced two "Reports of
16 Investigation" to defendant. From these facts, defendant infers that the government improperly used
17 the grand jury to seek pretrial discovery or prepare witnesses for trial. The mere timing of the
18 government's document production and the return of the second superseding indictment do not
19 support the inference of an improper purpose. The defendant and government agreed that the court
20 could review the transcript of the proceedings whereby the grand jury decided to return the second
21 superseding indictment. If the court determines on review that the government acted improperly, the
22 court will advise the parties and hold a hearing on the proper remedy.

23  **F.     Motion to Strike Surplusage**

24   Defendant moves to strike from the second superseding indictment language that was added
25 on February 9, 2011. The additional language tracks the language of the statute under which
26 defendant was charged and is not prejudicial. The motion to strike surplusage from the second
27 superseding indictment is denied.

28

ORDER DENYING MOTIONS—No. CR 08-00361 RMW
MEC                                                      5

## III.  ORDER

For the foregoing reasons, the court hereby:

1. Denies the motion to reconsider whether evidence should be suppressed;
2. Denies the motion for an order requiring the government to provide a Bill of Particulars;
3. Denies the motion to dismiss on the grounds of procedural defect;
4. Grants the motion to dismiss on the grounds of vindictive prosecution;
5. Denies the request for in camera review of the grand jury proceedings;
6. Denies the motion to strike surplusage.

.

DATED:     6/15/2011

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge