UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>    v.<br><br>ROLLER,<br><br>        Defendant. | Case No. 08-cr-00361-BLF-1<br><br>**ORDER GRANTING MOTION FOR WAIVER OF PETITIONER'S ATTORNEY-CLIENT PRIVILEGE** |

Petitioner Gary Roller ("Petitioner") filed on February 22, 2016, a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. section 2255.  Pet., ECF 238, 239.  Petitioner lodged in his petition claims that his trial counsel, Graham E. Archer and Peter A. Leeming, provided ineffective assistance because (1) they did not call a handwriting expert to challenge the credibility of a government witness, specifically an ICE agent whose signature was on chain-of-custody forms that listed a disk containing child pornography seized from the defendant's property; and (2) they failed to call a computer expert to testify that the ICE agent who handled the above-referenced disk failed to follow "stringent protocols" for reviewing computer evidence, thus raising the possibility that the disk was altered.  ECF 239 at 3-4.

On January 5, 2017, the Government moved for an order confirming waiver of Petitioner's attorney client privilege.  Mot., ECF 268.  In the motion, the Government argues that it is not able to effectively respond to Petitioner's allegations that his counsel failed to call two expert witnesses without discussing these issues with attorneys Graham E. Archer and Peter A. Leeming.  *Id.* at 2. However, according to the Government, Mr. Archer and Mr. Leeming indicated that they were not in a position to comment on the allegations without a court order due to attorney-client privilege. *Id.*

On January 6, 2017, the Court issued an order requiring Petitioner to respond to the Government's motion by January 30, 2017, which was mailed to Petitioner on January 9, 2017.

ECF 271.  Petitioner did not file a response within the time provided and still has not filed it so this motion remains unopposed.

The Court finds that by claiming ineffective assistance of counsel, Petitioner has waived the attorney-client privilege with respect to these communications relating to the issues raised in the petition.  *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer").  Conversations between Petitioner and his two attorneys regarding the claims that underlie Petitioner's assertions of ineffective assistance of counsel, and counsel's explanations of the strategies they employed, are relevant and material to establishing whether Petitioner's counsel complied with standards of professional competence.  *See* Mot. 2-3; *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997) (holding that a defendant waives attorney-client privilege by raising ineffective assistance of counsel claim in a habeas proceeding).

Accordingly, the Court grants the Government's motion for waiver of Petitioner's attorney-client privilege with Graham E. Archer and Peter A. Leeming, only to the extent necessary to give the Government an opportunity to challenge Petitioner's ineffective assistance of counsel claims.  *Lambright v. Ryan*, 698 F.3d 808, 813 (9th Cir. 2012).  The scope of this waiver is limited to this 28 U.S.C. section 2255 proceeding.  The Government is prohibited from using the disclosed information for any purpose other than contesting the ineffective assistance claims, including their use in any future trial of Petitioner.  *See Bittaker*, 331 F.3d at 722 (noting that there is "no federal interest in enlarging the scope of the waiver beyond what is needed to litigate the claim of ineffective assistance of counsel in federal court").  This scope of the wavier applies to both attorney-client communications and attorney work product.  *Id.* at 722 n.6.

**IT IS SO ORDERED.**

Dated: February 6, 2017

_____
BETH LABSON FREEMAN
United States District Judge